[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff and the defendant entered into an agreement dated August 22, 1986, whereby the defendant agreed to pay to the plaintiff a 5% commission on all sales to certain accounts in certain specified geographical areas. The plaintiff is the bankruptcy estate of Richard Ponzo (Ponzo). The plaintiff claims the defendant breached the agreement by failing to pay the agreed upon commissions.
Ponzo was a sales representative for Omega from August 22, 1986 through May 24, 1992. The contract was terminated by Omega by a letter dated February 24, 1992, terminating the agreement as of May 24, 1992. Ponzo claims he received commissions on certain accounts from May of 1989 until December 31, 1989. Various exhibits specify the amounts the plaintiff is owed on these accounts totaling $35,631.34. The plaintiff claims these accounts were turned into "House Accounts" for which he did not receive commissions. Ponzo complained verbally and by letter to Omega about these losses.
Ponzo also claims a 5% commission on two accounts from February 1, 1991 through June 30, 1991, for a total amount of $2,846.94. He was paid only 2 1/2%. He claims the difference is the amount between 5% and 2 1/2% he was actually paid.
The plaintiff also claims that on several accounts he was paid only 5% of 98% of the full value of each sale. These sales are documented by the various exhibits. His claim is for the difference between 5% of the full value and the 5% of the 98% of full value that he was paid.
The defendant claims that it was company policy to pay commission on only 98% of sales and that Ponzo was aware of such policy. Omega argues that the "House Accounts" taken from him was in accordance with modifications which was routinely done between the company and its sales representatives. Ponzo denied any such oral agreement to modify the "House Account" commissions and stands by the written contract. CT Page 5123
The court finds that the evidence does not support Omega's position regarding industry practice and oral modifications. The testimony of Ponzo and the exhibits support the position of the plaintiff/
Finally, Omega has asserted the special defenses of (1) the statute of limitations; (2) laches; and (3) accord and satisfaction.
Regarding the six year statute of limitations for contracts, the plaintiff points out that it does not apply to the "open accounts" because the 5% commission was an open account which is an account not made up of separate claims, but the claim of debt is found in the balance of the account, and that it is the balance only that constitutes the claim of the party that it is due. Weadon v. First National Bank and Trust Co., 129 Conn. 541,544 (1943). In this case, the account is an open account because the testimony and the exhibits demonstrate that not only was the account an asset of Ponzo, but that Omega used the account to receive payments from Ponzo in the form of charge backs.
Ponzo received payments on his open commission account in 1991. Therefore, the statute would not start to run until the date of the last payment in 1991, five years before this action was brought.
The claim of laches requires the defendant to establish an inexcusable delay by the plaintiff in advancing its claim, and that it was prejudiced by such delay. Robinson v. Myers,156 Conn. 510 (1968). Here, Ponzo's letters to Omega objecting to the reduced commission and his accounts being turned into "House Accounts" demonstrates his prompt action in not delaying in making the defendant aware of his claims. The defense of laches must, therefore, fail since there was no delay or prejudice.
The defense of accord and satisfaction requires its proponent to prove that a meeting of the minds between the parties that a new agreement with new consideration had been reached in lieu of the original agreement. Munroe v. Emhart Corp. , 46 Conn. App. 37,42-43 (1997). In this case, Omega offered no such evidence, and Ponzo testified that he never agreed to accept the lower commission of 2 1/2% of the value of the sale or 5% of only 98% of the full value of the sale. The court finds the defense of accord and satisfaction also fails. CT Page 5124
In accordance with the various exhibits and summation in the plaintiff's brief, the court finds its damages to be: "House Accounts" $35,631.34 plus statutory interest from 5/24/92 — 3/31/99 — $24,416.41 for a total of $60,047.75. The loss of 2 1/2% commission $2,846.94 plus statutory interest from 5/24/92 — 3/31/99 — $1,950.99 for a total of $4,797.73; and the loss of 5% of the total value where he was paid only 5% of 98% of full value — $8,074.20 plus interest from 5/24/92 — 3/31/99 — $5,532.85 for a total of $13,607.05.
Judgment will, therefore, enter for the plaintiff in the total amount of $78,852.53 which includes statutory interest.
D. Michael Hurley, Judge Trial Referee